**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALBERT HAMILTON, ON BEHALF OF A.H. III,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1]<br><br>Defendant. | Case No. ED CV 12-0892 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

Albert Hamilton ("Plaintiff"), on behalf of his minor son A.H. III ("A.H."), challenges the Social Security Commissioner's ("Defendant") decision denying A.H.'s application for disability benefits.

Specifically, Plaintiff argues that the Administrative Law Judge ("ALJ") failed to properly develop the record by not seeking clarification of a July 2, 2010 note by his treating physician, Dr. Martin J. Porcelli. (Joint Stip. at 3-6, 8.) Consisting of only a single sentence, this note contains Dr. Porcelli's opinion that A.H. "is not capable of going to school for 99 months." (AR at 235.) According to

---

[1] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

Plaintiff, this note is "puzzling and needs clarification." (Joint Stip. at 4.)

The Court addresses – and rejects – Plaintiff's contentions below.

"[T]he ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983)). If the evidence is ambiguous or inadequate to permit a proper evaluation of a claimant's impairments, the ALJ must also "conduct an appropriate inquiry" into that deficiency. *Id.* at 1288.

Here, Dr. Porcelli's note is neither ambiguous nor inadequate.

On the issue of ambiguity, Plaintiff asserts that Dr. Porcelli's note is unclear as to whether A.H. "actually missed" or "is going to miss" school, and whether "99 months" was simply shorthand for "a lot of school." (Joint Stip. at 4.) Or perhaps, as Plaintiff further posits, Dr. Porcelli "mistakenly wrote months when he meant something else." (*Id.*) Two reasons belie Plaintiff's position here.

First, none of Plaintiff's interpretations are based on the plain language of Dr. Porcelli's note, which clearly stated that A.H. "is" incapable of attending school for 99 months. (AR at 235.) That is, following the note's date, A.H. would have had to miss classes for the next 99 months.[2]

Second, regarding Plaintiff's claim that Dr. Porcelli mistakenly wrote "months," a finding of error is not appropriate simply because certain evidence *may* be erroneous without any reason to believe so. Otherwise, reversals would be

---

[2] Although the ALJ also stated that there was "no evidence [Plaintiff] missed 99 months of school," the Court interprets this statement as meaning that no such evidence existed either before *or* after the date of Dr. Porcelli's note. (AR at 16.) This interpretation is especially appropriate considering that the ALJ issued his decision on May 13, 2011 – nearly a year after Dr. Porcelli's note. (AR at 21.)

Further, lest any doubts persist, that Dr. Porcelli's 2010 note is forward looking is also suggested by the presence of A.H.'s school records from the years 2008 and 2009. (*See* AR at 196-215.)

available for the asking, provided that a claimant simply allege that a key piece of evidence does not mean what it purports to mean.

Turning, then, to the issue of adequacy, there is no evidence that Dr. Porcelli's note resulted in an improper evaluation of A.H.'s impairments. Regardless of any possible misinterpretations of the "99 months" phrase, the ALJ's other reasons for rejecting Dr. Porcelli's opinion remain intact. For instance, the ALJ discounted Dr. Porcelli's note for not expressing any "specific limitations." (AR at 16.) Further, as the ALJ also noted, Dr. Porcelli's opinion that A.H. "is having increasing difficulty with . . . social encounters" is undermined by A.H.'s own testimony that he was "friendly with his classmates" and "had friends in and outside of school." (AR at 16; *compare* AR at 243 *with* AR at 41-42.) Plaintiff does not contest the validity of these reasons, and thus, at most, alleges harmless error. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004).

Therefore, for the reasons stated above, the Court finds that the ALJ made no reversible error in developing the record with respect to Dr. Porcelli's July 2, 2010 note.

Accordingly, the Court determines that substantial evidence supported the ALJ's decision that Plaintiff was not disabled. *See Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

Dated: April 29, 2013

_____

Hon. Jay C. Gandhi

United States Magistrate Judge